UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SKY-STEVEN THOMAS MILLER,

    Plaintiff,

v.

PERRY B. BARTRAM, JR., *et al*,

    Defendants.

Case No. C09-5094FDB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #1). Plaintiff has been granted *in forma pauperis* status in this case. See Order Granting Application to Proceed *In Forma Pauperis*. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the

ORDER
Page - 1

1 likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the
2 complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

3     In his motion, plaintiff states that he is incarcerated and unable to afford counsel, that he has very
4 limited access to the law library – which he asserts has no heat until probably next summer – and that a
5 trial likely will involve conflicting testimony, and counsel will better enable him to present evidence and
6 cross-examine witness at trial.  In addition, plaintiff states he has made unsuccessful efforts to obtain
7 legal counsel himself, and that he has had trouble getting copies of his medical files.  These reasons,
8 however, are not unique to *pro se* prisoner litigants.  Plaintiff, furthermore, has not shown the legal issues
9 involved in this case are necessarily complex or a likelihood of success on the merits in this case.  Indeed,
10 as noted in the Court's order to show cause, dated the same date herewith, the claims contained in this
11 complaint are deficient with respect to all but one of the named defendants.

12     Accordingly, for the foregoing reasons, plaintiff's motion for appointment of counsel (Dkt. #1)
13 hereby is DENIED.

14     The clerk is directed to send a copy of this Order to plaintiff.

15     DATED this 10th day of March, 2009.

Karen L. Strombom
United States Magistrate Judge