UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SKY-STEVEN THOMAS MILLER,

    Plaintiff,

v.

PERRY B. BARTRAM, JR., *et al*,

    Defendants.

Case No. C09-5094FDB-KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff claims defendants were deliberately indifferent to his medical needs, by being denied adequate medical treatment, namely orthopedic footwear. He claims such denial has caused him great pain. Plaintiff also claims a violation of the Americans with Disabilities Act stemming from the same allegations of denial of medical treatment. However, it is only with respect to defendant Perry B. Bartram, Jr., that plaintiff has set forth specific facts to support his claims. In regard to the other named defendants, plaintiff has failed to show how they caused or personally participated in causing the harm alleged. Indeed, to the extent plaintiff is asserting claims against defendants Ron Van Boening and Eldon Vail, his claims appear to be based solely on a theory of supervisory responsibility.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than April 9, 2009**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint. In addition, plaintiff must provide the Court with a properly completed service form and copy

1 of the amended complaint for each named defendant so that service can be attempted thereon.

2 The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
3 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
4 plaintiff.

5 DATED this 10th day of March, 2009.

Karen L. Strombom
United States Magistrate Judge