UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SKY-STEVEN THOMAS MILLER,

                Plaintiff,

  v.

PERRY B. BARTRAM, JR., *et al.*,

                Defendants.

No. C09-5094 FDB/KLS

ORDER DENYING SECOND MOTION TO COMPEL DISCOVERY AND MOTION FOR EXTENSION

Before the court are Plaintiff's Second Motion to Compel Discovery (Dkt. 36) and motion for continuance (Dkt. 38). Having reviewed the motions, Defendants' response (Dkt. 36), Plaintiff's response (Dkt. 42) and balance of the record, the Court finds that the motions should be denied.

In his motion to compel, Plaintiff requested an order compelling the Defendants to "produce for inspection and copying the documents that Judge Strombom ordered when granting plaintiff's motion to compel on October 8, 2009." Dkt. 36 (citing Dkt. 33). Plaintiff did not include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed. R. Civ. P. 37(a)(2)(B). Plaintiff references, however,

ORDER - 1

letters to counsel in which he has requested production of documents and a 26(i) teleconference. Dkt. 36-2.

Defendants oppose the motion on the grounds that the motion is unclear as to what Plaintiff seeks, that Plaintiff ignored two requests to set up a telephone conference, and that they have complied with the court's previous order. Dkt. 39. In response, Plaintiff has more specifically identified the discovery he seeks and outlines his attempts to obtain the discovery from Defendants. Dkt. 42.

## DISCUSSION

A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Fed. R. Civ. P. 37(a). The motion also "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

Although it was not entirely clear from Plaintiff's initial motion exactly what discovery was being sought or whether the parties actually conferred about the issues raised in the motion, with the filing of Defendants' response and Plaintiff's reply, the issues are somewhat clearer and should enable the parties to now confer and make a good faith effort to resolve this discovery dispute without Court interference. The Court anticipates that the parties will confer in good faith and to that end, directs defense counsel to arrange a telephonic conference with the Plaintiff no later than **February 19, 2010**. If the parties cannot amicably resolve this issue, Plaintiff may file a motion to compel, and shall include a certification stating that their efforts were

ORDER - 2

unsuccessful, and shall identify those areas of disagreement that remain unresolved. The court will not address any subsequent motion which lacks such a certification.

The Court also finds that the discovery deadline shall be extended for the limited purpose of resolving the questions surrounding the production of documents identified in Dkt. 33.

Accordingly, it is **ORDERED**:

(1) Plaintiff's second motion to compel (Dkt. 36) is **DENIED.**

(2) The parties are directed to confer and defense counsel shall have a telephonic conference with Plaintiff no later than **February 19, 2010,** as required by Local Rule CR 37(a)(2)(A).

(3) Plaintiff's motion for an extension of the discovery deadline (Dkt. 38) is **GRANTED in part**; the discovery deadline is extended until **March 5, 2010**, for the limited purpose of resolving questions surrounding the production of documents identified in Dkt. 33.

(4) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

(5) The Clerk of the Court shall send copies of this Order to the Plaintiff and counsel for Defendants.

DATED this  2nd  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3