1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

SKY-STEVEN THOMAS MILLER,

11                                  Plaintiff,

12            v.

13   PERRY B. BARTRAM, JR., *et al.*,

14                                  Defendants.

No. C09-5094 FDB/KLS

ORDER DENYING THIRD MOTION TO
COMPEL DISCOVERY AND MOTION
FOR SANCTIONS

15

16        Before the court are Plaintiff's Third Motion to Compel Discovery (Dkt. 53) and Motion

17   for Sanctions (Dkt. 57).  Having reviewed the motions, Defendants' response (Dkt. 60), and

18   balance of the record, the Court finds that the motions should be denied.

19                                  *DISCUSSION*

20        "On notice to other parties and all affected persons, a party may move for an order

21   compelling . . . discovery," including an order to compel production, or if "a party fails to

22   respond . . . as requested under" Fed. R. Civ. P. 34. Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii).  "The

23   motion must include a certification that the movant has in good faith conferred or attempted to

24   confer with the person or party failing to make disclosure or discovery in an effort to obtain it

25   without court action."  Fed. R. Civ. P. 37(a)(1).  "If the motion is granted -- or if the . . .

26   requested discovery is provided after the motion was filed -- the court must, after giving

ORDER - 1

opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or

attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees," except if:

> **(i)** the movant filed the motion before attempting in good faith to obtain the . . .
> discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially
> justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).   In addition, the Court may "apportion the reasonable expenses"

incurred, in the event the motion "is granted in part and denied in part." Fed. R. Civ. P.

37(a)(5)(C).

This is Plaintiff's third motion to compel discovery relating to Defendants' August 3,

2009 responses to two requests for production of documents.   The court dealt with the majority

of Plaintiff's motion in its Order dated October 9, 2009 (Dkt. 33) and denied Plaintiff's second

motion (Dkt. 48) because Plaintiff failed to include a certification in accordance with

Fed.R.Civ.P. 37(a)(2)(B).   Dkt. 48, p. 2.   In addition, the Court directed the parties to confer

telephonically.  *Id.*  In his "Certificate of Compliance with CR 26(i) and Local Rule 37(e),"

Plaintiff identifies "18 documents [he] is asking the court to make ruling on."  Dkt. 56, p. 4.   The

court addresses each of these in turn:

>    *1.     Defendant Bartram's License to Practice Medicine*

During the parties' teleconference on February 17, 2010, Plaintiff advised counsel that

Defendants had not responded to his request for licensing information on P.A. Bartram. After the

teleconference, counsel rechecked the file and confirmed that this appeared to be the case, and he

obtained the licensing information from the Department of Health web page which indicated that

ORDER - 2

P.A. Bartram had a valid active license and sent a copy of this to plaintiff and the court two days later.  Dkt. 61, pp. 2-3; Dkt. 51, Exh. A.

As Plaintiff is now in possession of information reflecting that Dr. Bartram was licensed, Plaintiff's motion to compel this information is **DENIED**.

    *2.    Copy of Certificate from Washington State's Medical Quality Assurance Commission and Copy of Contract with DOC to Practice Medicine at McNeil Island Correctional Center*

The time for filing a discovery motion on these requests has passed.  See Dkt. 33 (discovery deadline extended until December 10, 2009) and Dkt. 48 (discovery deadline extended until March 5, 2010 for limited purpose of resolving questions surround the production of documents identified in Dkt. 33).   In addition, Plaintiff offers no explanation and the court sees no relevance of these requests to his claim that he was denied special orthotic shoes and that he suffered a fall as a result of his old footware.  Accordingly, Plaintiff's motion to compel responses to these requests are **DENIED.**

    *3.    Copy of Original 11 Medical Kites*

In Request No. 11, Plaintiff asked for a "[c]opy of all medical kites" he filed between the period of January 2008 and June 2009.  Dkt. 33, p. 6.  The court ordered that to the extent the kites he seeks are not contained in his medical file . . . and to the extent that they actually exist and are in DOC's possession, Defendants shall provide the requested documents.  *Id.*  Plaintiff again moves the court to compel production of the kites, however he attaches them to his affidavit stating that "the 11 medical kites Plaintiff is serving on the court are the 11 medical kites the defendant destroyed and that all 11 medical kites are true and correct carbons from a 3-part medical kite form."  Dkt. 54, p. 2.  Defendants respond that they do not have the kites in

ORDER - 3

their possession (except that they have now received them as attachments to Plaintiff's motion).

Dkt. 60, p. 2.

Plaintiff insists that he needs copies of the originals so that they can be entered into

evidence.  Dkt. 53, p. 6.  Plaintiff states that the kites in his possession are one part of a three part

carbon form.  Defendants represent to the court that they are not in possession of any originals.

Thus, Plaintiff's motion to compel the originals of the kites is **DENIED.**  Moreover, Plaintiff has

duplicates of the originals, which are admissible to the same extent as an original unless (1) a

genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would

be unfair to admit the duplicate in lieu of the original.  Fed. R. Evid. 1003.[1]

> 4.    *Copy of the Original Primary Encounter Report dated 7/25/08*

Plaintiff states that he is entitled to production of a "copy of the original primary

encounter report dated 7/25/08 not the altered one provided in discovery."  Dkt. 56, p. 3.

Defendants argue that after Plaintiff first raised this issue, counsel sent the attorney general

investigator to travel to McNeil Island to personally examine Plaintiff's original medical file to

confirm that the original of this encounter report in Plaintiff's file is the unaltered version, not

the altered one that plaintiff claims is somehow the original.[2]   Counsel for Defendants states

further in his declaration as follows;

> As soon as I received a copy of the different encounter report record, I sent my
> investigator to McNeil Island to determine, if he could, what it was and where it
> came from. It was reported to me that this version was not in his medical file and I
> verified it was not in the copy of the medical file that I had previously received
> and the copy of which this office agreed to send to plaintiff.  My investigator was
> unable to determine the source of the version plaintiff provided. My investigator
> called the telephone number written on plaintiff's supplied version and learned

---

[1] To be admissible, the kites must also be relevant to Plaintiff's claims in this action.

[2] Plaintiff claims to have received the altered document in discovery and cites to his Exhibit F.  Defendants assert that the document Plaintiff received in discovery is Attachment D to Plaintiff's Declaration which has the defendants' discovery number at the bottom: MED000020. Dkt. 53, p. 39.

ORDER - 4

that it was a scheduling service for Dr. Brewer. I could speculate that someone
made a copy of plaintiff's encounter report to use to contact Dr. Brewer and this
copy somehow came into plaintiff's possession, but I have no evidence to support
this speculation.

Dkt. 61, p. 2.

Based on the representations of Defendants and counsel that Plaintiff has been provided a

copy of the unaltered report and that Defendants' investigator was unable to confirm the source

of the "altered" version, the court finds that Plaintiff's motion to compel an "unaltered" version

of the encounter report is **DENIED**.

     *5.*    *Request for Production Served on December 28, 2009*

On December 9, 2009, counsel for Defendants took a telephonic deposition of Plaintiff.

Dkt. 61, p. 2.  Following that deposition, the parties participated in a Rule 26(i) conference

during which counsel for Defendants indicated to Plaintiff that he had not received Plaintiff's

responses to Defendants' requests.  *Id.*  Plaintiff indicated that he had mailed his responses to

counsel's office.  *Id.*  After further search, counsel located the documents sent by plaintiff and

counsel's office informed Plaintiff that the answer had been found.  *Id.*   On December 28, 2009,

Plaintiff sent a discovery request directed to counsel asking (1) where the missing discovery sent

by plaintiff was found by counsel, (2) when counsel found the missing discovery, and (3) for a

photocopy of the envelope the missing discovery was sent in showing the postmark.  Dkt. 56, p.

4; Dkt. 60, p. 3; Dkt. 53, Attach H.

Plaintiff's December 28, 2009 request was sent after the close of discovery.  See Dkt. 33

(discovery deadline extended until December 10, 2009) and Dkt. 48 (discovery deadline

extended until March 5, 2010 for limited purpose of resolving questions surround the production

of documents identified in Dkt. 33).   In addition, a request seeking where and when counsel

found the discovery sent by Plaintiff to defense counsel is not relevant nor likely to lead to the

ORDER - 5

admissibility of relevant evidence relating to the issues raised in Plaintiff's complaint. Accordingly, Plaintiff's motion to compel responses to his request for production sent on December 28, 2009 is **DENIED.**

Based on a review of the parties' filings in this case, the court finds that Plaintiff's request for sanctions against Defendants for failure to respond to discovery and for the destruction of evidence is without merit.  The court finds no evidence of bad faith or spoliation of evidence.

The court will not entertain further motions raising the same issues resolved herein and will proceed with consideration of Defendants' motion for summary judgment (Dkt. 44).  Any further motions raising the same discovery issues may result in sanctions, including dismissal of this action.

Accordingly, it is **ORDERED**:

(1)    Plaintiff's third motion to compel (Dkt. 53) is **DENIED.**

(2)    Plaintiff's motion for sanctions (Dkt. 57) is **DENIED.**

(3)    The Clerk of the Court shall send copies of this Order to the Plaintiff and counsel for Defendants.

DATED this  12th  day of March, 2010.


Karen L. Strombom
United States Magistrate Judge


ORDER - 6